UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SCHWENSOW,

    Plaintiff,

v.                                                      Case No. 08-12241

UNITED STATES OF AMERICA,       HONORABLE AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER
## ADOPTING THE REPORT AND RECOMMENDATION
## AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## (Doc. No. 17)
## AND
## DISMISSING THE CASE

I.

This is a case under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). Plaintiff is a federal prisoner proceeding pro se. He filed a complaint under the FTCA claiming that on August 27, 2006, as he was leaving a housing unit at the federal correctional facility in Milan (FCI Milan), he slipped on water and fell down two steps, causing injury to his left arm and shoulder. The matter has been referred to a magistrate judge for all pretrial proceedings. Defendant filed a motion for summary judgment on the grounds that (1) the evidence shows the standing water was "open and obvious" and (2) there is no evidence that the staff at FCI Milan had "actual or constructive notice" of the water prior to plaintiff's fall. Plaintiff filed a response.

The magistrate judge issued a report and recommendation (MJRR),

recommending that defendant's motion be granted on the grounds that plaintiff failed to establish a genuine issue of material fact as to whether defendant had notice of the water.

Before the Court are the parties' objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendant's motion for summary judgment will be granted, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id.

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991).

III.

In plaintiff's objections, he merely repeats the arguments considered and rejected by the magistrate judge. In particular, he disagrees with the magistrate's evaluation of the evidence and conclusion that plaintiff has failed to show that the staff at FCI Milan had notice of the water sufficient to survive summary judgment. The Court has reviewed the record and agrees with the magistrate judge's assessment of the evidence

on the issue of defendant's notice.

As to defendant's objections, it says that the magistrate judge erred in determining that summary judgment was not appropriate on the grounds that the water was an "open and obvious" condition. Defendant, like the plaintiff, disagrees with the magistrate judge's evaluation of the evidence. While the question is close, the Court is satisfied that the record fails to establish an absence of a genuine issue of material fact on this issue in light of plaintiff's statement that the floor was "highly waxed and buffed," causing him to mistake the water's shine for wax polish. As such, the Court accepts the magistrate judge's recommendation that summary judgment is not warranted on this ground.

III.

For the reasons stated above, the parties' objections to the MJRR are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendant's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

Dated: March 22, 2010
   S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Ronald Schwensow, 87660132, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 and the attorneys of record on this date, March 22, 2010, by electronic and/or ordinary mail.

   S/Julie Owens
Case Manager, (313) 234-5160