UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD SCHWENSOW,

      Plaintiff,

v.                                         Case No. 08-12241

UNITED STATES OF AMERICA,       HONORABLE AVERN COHN

      Defendant.

_____/


**<u>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT</u>**


I.

      This is a case under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). Plaintiff is a federal prisoner proceeding <u>pro se</u>. He filed a complaint under the FTCA claiming that on August 27, 2006, as he was leaving a housing unit at the federal correctional facility in Milan (FCI Milan), he slipped on water and fell down two steps, causing injury to his left arm and shoulder. The matter was referred to a magistrate judge for all pretrial proceedings. Defendant filed a motion for summary judgment on the grounds that (1) the evidence shows the standing water was "open and obvious" and (2) there is no evidence that the staff at FCI Milan had "actual or constructive notice" of the water prior to plaintiff's fall. The magistrate judge issued a report and recommendation (MJRR), recommending that defendant's motion be granted on the grounds that plaintiff failed to establish a genuine issue of material fact as to whether defendant had notice of the water. Both parties objected to the MJRR. The Court

agreed with the magistrate judge, adopted the MJRR, granted defendant's motion for

summary judgment, and dismissed the case.  See Memorandum and Order filed March

22, 2010.

II.

Now before the Court is plaintiff's paper styled "Motion to Alter or Amend

Judgment" filed under Rule 59(e) in which he requests the Court to reconsider its March

22, 2010 order.  The Court construes the filing as a motion for reconsideration under

E.D. Mich. LR 7.1(h)(3),[1] which provides in relevant part:

> Generally, and without restricting the court's discretion, the court
> will not grant motions for rehearing or reconsideration that merely present
> the same issues ruled upon by the court, either expressly or by
> implication.  The movant must not only demonstrate a palpable defect by
> which the court and the parties have been misled but also show that
> correcting the defect will result in a different disposition of the case.

Plaintiff fails to satisfy this standard.  Plaintiff says that the Court did not consider

his objections to the MJRR and that the Court's order adopting the MJRR was

"boilerplate."  Contrary to plaintiff's assertions, the Court did carefully review his several

objections as well as the record and concluded that the magistrate judge correctly

evaluated the evidence and determined that defendant was entitled to summary

judgment.  Plaintiff's objections were a repeat of the arguments he made before the

magistrate judge as to why defendant's motion should not be granted.  The magistrate

judge discussed the evidence in detail and explained why the evidence did not create a

---

[1]Fed. R. Civ. P. 59(e) pertains to motions to alter or amend a judgment.  Plaintiff here
is really seeking the Court to reconsider its reasons for granting defendant's motion for
summary judgment, which is more properly brought as a motion for reconsideration.

genuine issue of material fact.  There was nothing for the Court to add to the MJRR.

Accordingly, plaintiff's motion is DENIED.

SO ORDERED.


Dated:  April 6, 2010                    S/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Ronald Schwensow, 87660132, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. BOX 1000, Milan, MI 48160 and the attorneys of record on this date, April 6, 2010, by electronic and/or ordinary mail.


                                         S/Julie Owens
                                         Case Manager, (313) 234-5160